IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOHN ELWAIN HERNDON                                                    PLAINTIFF

v.                                Civil No. 6:22-CV-06031-SOH-MEF

WARDEN BYERS, AMBER COLSON and                          DEFENDANTS
JOHN OR JANE DOES PUBLICATIONS
REVIEW COMMITTEE (All of the Arkansas
Division of Correction)


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss.  (ECF No. 18).

### I.        BACKGROUND

Plaintiff filed his initial Complaint on March 22, 2022.  (ECF No. 1).  Defendants filed

their Answer on June 24, 2022.  (ECF No. 10).  Plaintiff filed a Motion to Supplement his

Complaint on July 5, 2022.  (ECF No. 12).  Because it was incorrectly labelled as a Motion to

Supplement instead of a Motion to Amend, the Motion was denied on August 22, 2022.  (ECF No.

13).  The Court then entered an Order granting Plaintiff the opportunity to Amend his Complaint

in accordance with the Federal and Local Rules of Civil Procedure.  (ECF No. 14).  Plaintiff did

so on September 29, 2022.  (ECF No. 17).

Plaintiff's claims center on his order for eight books, which he alleges were "confiscated"

by the Arkansas Division of Correction.  (ECF No. 17 at 2).  For his first claim, Plaintiff alleges

that from December 16, 2021, to the time he filed his complaint, Defendants violated his First

Amendment rights with "flagrant due process dismissals." (*Id*. at 4). More specifically, Plaintiff alleges that Defendant Colson confiscated the books for containing "nudity" on December 16, 2021. (*Id*. at 5). Defendant Byers and the Review Committee then agreed with Defendant Colson. (*Id*.). Plaintiff argues that the book was a "world-class book of magnificant (sic) art & not censorable, and they know that, so why did they do it?" Plaintiff states that his "injury" is that he is still trying to gain possession of his eight books, which he says are worth $128.00. (*Id*.). Plaintiff proceeds against Defendants on this claim in both their individual and official capacities. (*Id*.). To support his official capacity claim, Plaintiff alleges that the ADC has book censoring policies and guidelines and is not following them.[1] (*Id*. at 6). He further alleges Defendants have forged, backdated, and changed the reason for the censorship three times. (*Id*.).

For his second claim, Plaintiff alleges that from December 16, 2021, to the time he filed his complaint, Defendants violated is First Amendment rights when they failed to follow the ADC policy AD 20-04 "Publications" guidelines for book censorship. (*Id*. at 6). Plaintiff proceeds against Defendants for this claim in both their individual and official capacities. (*Id*. at 7). He repeats his allegation that the ADC is not following its policy on book censoring to support his official capacity claim. (*Id*.).

For his Third Claim, Plaintiff alleges that from December 16, 2021, to the time he filed his complaint, Defendants violated his First, Fifth, and Fourteenth Amendment rights when they seized his books without due process and failed to compensate him for the loss. (*Id*. at 7). Plaintiff alleges Defendant "are bending over backwards to block good books." He asks: "Could it be

---

[1] It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

federal suit DOJ No. 204-10-41 which includes the loss of 17 pieces of legal mail, including 8 registered letters to federal attorneys . . .?  Retaliation?" (*Id*.).  Plaintiff identifies his injury as one of property and monetary loss.  (*Id*.).  He states he suffered no physical injury.  (*Id*.).  Plaintiff proceeds against Defendants for this claim in both their individual and official capacities.  (*Id*.).  For his official capacity claim, Plaintiff repeats his allegation that the ADC is not following its policy on book censoring, and he states this is a "widespread practice."  (*Id*.).

Plaintiff seeks compensatory and punitive damages.  (*Id*. at 9).  Plaintiff asks that his books be brought to the Court for review, that his books be given to him, and that he not be required to defend his book purchases in the future.  (*Id*. at 9).  He further asks that the ADC policy AD 20-04 be "abolished as unconstitutional," and that his costs for this lawsuit be paid by the ADC.  (*Id*. at 10).

In the section of the Complaint where he is asked to identify his other state or federal lawsuits, Plaintiff indicates he has filed a small claims case in state court regarding missing art supplies, which was dismissed due to his "PLRA error."  (*Id*. at 11).  He  provides an incomplete citation for a case in this District as being one for medical indifference.  (*Id*.).  Finally, he indicates he has an active Department of Justice case "204-10-41."  (*Id*.).  At the end of this section, Plaintiff states: "Note: My 8 books were brought to me 09-22-22 so are no longer an issue."  (*Id*. at 12).

Defendants filed their Motion to Dismiss on October 13, 2022.  (ECF Nos. 18, 19).  They argue dismissal is appropriate because: (1) Plaintiff's First Amendment claims concerning his eight confiscated books are now moot because he has received them; (2) Plaintiff's official capacity claims for monetary relief are barred by sovereign immunity; (3) Defendants are entitled to qualified immunity because Plaintiff failed to allege a plausible retaliation claim and failed to allege any actual physical injury.  (ECF No. 11).

3

Plaintiff filed his Response on November 2, 2022.  (ECF No. 21).  Plaintiff argues that his case is not mooted by the return of the books because his case concerns the books, the constitutionality of AD 20-04, and his damages.  (ECF No. 21 at 3).  He argues he is not barred from suing state employees in their official capacity for injunctive or declaratory relief.  (*Id*. at 4).  Plaintiff argues retaliation claims must be proved by cumulative external evidence.[2]  (*Id*. at 8).  Plaintiff argues that "my 'protected activity' was the activity of buying books, not writing complaints about the violations."  (*Id*. at 9, 11).  Plaintiff alleges he has been "chilled" from buying books.  (*Id*. at 9).  Plaintiff argues it took "9 long tedious months" to receive his books, and the ADC would have disposed of them if he had not challenged them in court with this lawsuit.  (*Id*. at 2).  Plaintiff further argues Defendant should not be shielded by qualified immunity, because the failure to follow ADC procedure, "contrived" responses, backdating, and changing reasons for rejection of his books is evidence that they violated clearly established rights.  (*Id*. at 5-6).

## II.        LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the Court will

---

[2] Plaintiff attempts to introduce an example of retaliation unrelated to the confiscation of his book order, which will not be considered.

liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.        ANALYSIS

### A.        Confiscated Books

Because Plaintiff alleges in his Amended Complaint that the eight books in his order were returned to him, he no longer has a plausible claim concerning the confiscation of those books.  A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action.  *See Minnesota Humane Socy. v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999) (citing *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir.1998).  Plaintiff's individual capacity and retrospective official capacity claims concerning his confiscated books are now moot because he has received the books in question.

Plaintiff's claim for official capacity prospective injunctive relief concerning the application of the ADC censorship policy should also be dismissed.  The doctrine of *Ex parte Young* only applies where the suit seeks prospective injunctive relief to end a *continuing* federal law violation.  *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996).  "[A] plaintiff's speculation that a future injury may occur is not sufficient to warrant injunctive relief."  *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 991 (D. Minn. 2016) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  Here, Plaintiff has alleged only a single, retrospective incident in his Amended Complaint.  Thus, Plaintiff's claim for official capacity prospective injunctive relief should be dismissed.  *See, e.g.*, *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (The *Ex parte Young* exception only applies when a state official has threatened to, and is about to, commence proceedings); *Richards v. Dayton*, CIV. 13-3029 JRT/JSM, 2015 WL 1522199, at *6 (D. Minn. Jan. 30, 2015), *report and recommendation adopted sub nom. Richards v. Ritchie*, CIV. 13-3029

5

JRT/JSM, 2015 WL 1522237 (D. Minn. Mar. 30, 2015) (single retrospective incident is not a continuing violation, is clearly barred from the *Ex parte Young* exception, and must be dismissed.).

## B.    Retaliation

Plaintiff's retaliation claim should be dismissed for two reasons.  First, Plaintiff's initial pleading concerning retaliation fails to meet the pleading requirements of Fed. R. Civ. P. 8.  Rule 8(a) requires a "short and plain" statement of fact showing the pleader is entitled to relief.  Rule 8(d) requires allegations to be "simple, concise, and direct."  Plaintiff's sole reference to retaliation in his Amended Complaint is phrased as a rhetorical question about an alleged Department of Justice case.  A rhetorical question is not a short, plain, and direct factual allegation.  Thus, Plaintiff fails to plead sufficient factual allegations to state a claim to relief that is plausible on its face.  *See, e.g.*, *Holtsclaw v. Sanders*, 2:16-CV-02020, 2016 WL 3951213, at *1 (W.D. Ark. July 20, 2016), *aff'd*, 676 Fed. App'x. 622 (8th Cir. 2017) (unpublished) (To the extent a narrative full of rhetorical questions can be considered factual allegations, "they are neither quantitatively nor qualitatively sufficient to meet the pleading requirements of Federal Rule of Civil Procedure 8.").

Second, Plaintiff also failed to state a plausible retaliation claim in his Response to the Motion to Dismiss.  In his Response, Plaintiff denies that his retaliation claim was triggered by a Department of Justice case.  Instead, he states "my 'protected activity' was the activity of buying books, not writing complaints about the violations."  Thus, Plaintiff's retaliation claim is now that he ordered books, they underwent the required ADC publication review, he was told different reasons for why the books were denied to him, and he did not receive his books until he filed this case, nine months after they arrived.

"To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government

official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)).

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001) (citation omitted); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id*. *See also Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement."). "Yet, there are some injuries so de minimis that they do not rise to the level of constitutional violation. 'It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "The ordinary-firmness test is . . . designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Santiago*, 707 F.3d at 992 (citing *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir.2003).

Because nearly every otherwise routine administrative decision may potentially be viewed as a retaliatory act, it has been recognized that "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Further, the courts have recognized that prison officials must have broad administrative authority. *Id*. For this reason, it has been said that "courts must approach

prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (not every response to a prisoner's exercise of a constitutional right is actionable). *See also Turner v. Mull*, 784 F.3d 485 (8th Cir. 2015) (mere timing of events alone does not establish the requisite causal link); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (Speculative and conclusory allegations cannot support a retaliation claim).

Plaintiff fails to allege facts sufficient to support his retaliation claim. It is well-established that "officials may lawfully censor prison mail that is detrimental to the security, good order and discipline of the institution." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 404, (1989)). Plaintiff alleges only that his books underwent publication review, he experienced a nine-month delay in receiving his books, the delay violated ADC policy, and during that time he was told multiple reasons for why the books were denied. This is not an adverse reaction which would chill a person of ordinary firmness from pursuing a protected activity. *See, e.g.*, *Gordon v. Bertsch*, 1:15-CV-026, 2015 WL 10319307, at *9 (D.N.D. Oct. 30, 2015), *report and recommendation adopted*, 1:15-CV-026, 2016 WL 676365 (D.N.D. Feb. 18, 2016) (false disciplinary charges, threats of bodily harm, denials of favorable prison work, and subjecting a prisoner to harsh living conditions are items that the courts have held to constitute sufficiently adverse actions.) Instead, Plaintiff merely describes a routine administrative process with a resulting *de minimis* injury. That he was unhappy with the delay in receiving his books does not convert that delay into First Amendment retaliation. Further, Plaintiff cannot provide facts to show retaliatory intent because he cannot make up his mind as to what protected activity triggered the alleged retaliation. As such, Plaintiff's allegations are inconsistent, speculative and conclusory, and they do not support a plausible claim for retaliation.

## IV.      CONCLUSION

Accordingly, it is recommended that Defendants' Motion to Dismiss (ECF No. 18) be GRANTED and Plaintiff's case be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of March 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE